UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAM CARLISLE,<br><br>                Plaintiff,<br><br>    v.<br><br>LIMELIGHT NETWORKS, INC., ROBERT LYONS, WALTER D. AMARAL, DOUG BEWSHER, MARC DEBEVOISE, JEFFREY T. FISHER, SCOTT GENEREUX, PATRICIA PARRA HADDEN, and DAVID C. PETERSCHMIDT,<br><br>                Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Sam Carlisle ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Limelight Networks, Inc. ("Limelight" or the "Company") and Limelight's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to acquire Edgecast, a business unit of Yahoo, Inc. ("Edgecast").[1]

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be

---

[1] Nonparty Edgecast is a business unit of Yahoo, Inc. Nonparty College Parent, L.P., a Delaware limited partnership, is Yahoo's parent company and is owned by affiliates of Apollo Global Management, Inc., Verizon Communications Inc., and other investors.

1

filed with the Securities and Exchange Commission ("SEC") on May 4, 2022. The Proxy recommends that Limelight stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Limelight acquires Edgecast. The Proposed Transaction was first disclosed on March 7, 2022, when Limelight announced that they had entered into a definitive merger agreement (the "Merger Agreement") with College Parent, L.P. pursuant to which Limelight will issue 72.2 million shares of common stock to Yahoo (the "Share Issuance"). Limelight may issue another 12.7 million shares to Yahoo over the next three years if certain share-price targets are met. Yahoo will own between 31.9% and 35.5% of Limelight after the Proposed Transaction closes, which is expected to be in the second half of 2022.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Limelight management and Yahoo, as well as the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs"), Limelight's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Limelight's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Limelight's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Limelight.

6. Defendant Limelight is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 2220 W. 14th Street, Tempe, Arizona 85281. Limelight common stock trades on NASDAQ under the ticker symbol "LLNW."

7. Defendant Robert Lyons has been President, CEO and a director of the Company since February 2021.

8. Defendant Walter D. Amaral has been a director of the Company since 2007.

9. Defendant Doug Bewsher has been a director of the Company since 2017.

10. Defendant Marc DeBevoise has been a director of the Company since 2018.

11. Defendant Jeffrey T. Fisher has been a director of the Company since 2008.

12. Defendant Scott A. Genereux has been a director of the Company since 2017.

13. Defendant Patricia Parra Hadden has been a director of the Company since 2018.

14. Defendant David C. Peterschmidt has been a director of the Company since 2007. Defendant Peterschmidt currently serves as Non-Executive Chairman of the Board.

15. Defendants Lyons, Amaral, Bewsher, DeBevoise, Fisher, Genereux, Parra Hadden, and Peterschmidt are collectively referred to herein as the "Board."

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

17. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

18. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

**FURTHER SUBSTANTIVE ALLEGATIONS**

A. **Background of the Company and the Proposed Transaction**

19. Limelight provides a suite of software services for secure content delivery. The Company's products enable software, gaming, and media organizations to provide faster websites, high quality video content, and seamless downloads, no matter the digital traffic demands.

20. On March 6, 2022, the Company entered into the Merger Agreement with Edgecast.

21. According to the press release issued on March 7, 2022 announcing the Proposed Transaction:

**Limelight to Acquire Yahoo's Edgecast, Creating Global Leader
in Edge Enabled Software Solutions**

*Combined Company to Operate as Edgio, Delivering Significantly Increased
Scale and Scope with Diversified Revenue Across Products, Clients, Geographies
and Channels and an Expanded Total Addressable Market of $40 Billion*

*Yahoo to Receive All Stock and Will Invest $30 Million Demonstrating Conviction
in Combined Company's Growth Plans; Will Own 31.9% of Pro Forma Company
and Appoint Three Directors*

*The Strategic Spinoff Delivers Enormous Value and Opportunity
for Yahoo as Edgio Scales Globally*

*Meaningful Run-Rate Cost Synergy Opportunities of Approximately $50 Million*

*Limelight to Host Conference Call Today at 8 a.m. ET / 5 a.m. PT*

**SCOTTSDALE, Ariz. and NEW YORK, March 7, 2022** – Limelight Networks, Inc. (Nasdaq: LLNW) ("Limelight"), a leading provider of edge enabled web applications and content delivery solutions, today announced that it has entered into a definitive agreement to acquire Yahoo's Edgecast, Inc. ("Edgecast"), a leading provider of edge security, content delivery and video services, in an all-stock transaction. The transaction values Edgecast at approximately $300 million, or about 1x 2021 revenue. Edgecast is a business unit of Yahoo, which is owned by funds managed by affiliates of Apollo (NYSE: APO) (the "Apollo Funds") and Verizon Communications (NYSE: VZ). Yahoo will receive approximately 72.2 million shares of Limelight common stock, subject to customary closing adjustments, and will own approximately 31.9% of the combined company at closing.

The combination will create a globally scaled, edge enabled software solutions provider with pro forma 2021 revenue of more than $500 million across cloud security and web applications, content delivery and edge video platform. In anticipation of the transaction, Limelight will rebrand as Edgio, with the combined company continuing to operate as Edgio following close. With global scale, a leading distributed edge platform and increased focus on security and connectivity, Edgio will be a leading solutions provider of choice for outcome-oriented businesses and clients looking to deliver a fast, secure and frictionless digital experience to end-users.

**Compelling Strategic Rationale and Financial Benefits**

- **Expands Scale and Strengthens Platform to Better Deliver Blue-Chip Customer Performance, Productivity and Protection Through Edge Computing Solutions**: The combined company will be a leading global, edge enabled solutions provider with a global network capacity of more than 200 Tbps and more than 300 PoPs coupled with natively integrated cloud security, edge video platform and web applications to power the next generation of customer needs. Limelight and Edgecast's current combined, diversified customer base includes Fortune 100 clients, as well as some of the world's leading technology companies, streaming services and most visited websites, including Amazon, Coach, Disney, First Republic Bank, HBO Max, Hulu, Yahoo, British Telecom, Verizon, Microsoft, Peacock, Sony, TikTok and Twitter.

- **Accelerates Penetration of High Growth $40 Billion Total Addressable Market (TAM)**: The transaction is expected to accelerate Limelight's ability to serve its total addressable market of approximately $40 billion, through expanded capabilities, portfolio targets and new opportunities across OTT video, cloud security and enterprise secure access, in addition to existing content delivery and web applications solutions.

- **Diversifies Revenue Mix and Strengthens Financial Profile**: On a combined basis, the two companies generated $502 million in revenue in 2021. Edgecast generated $285 million in revenue in 2021, of which approximately 97% was recurring revenue from a highly complementary customer base with little Limelight overlap and nearly half coming from high-growth, high-margin products. The combination is expected to more than double Limelight's annual revenue, expand gross margin, increase recurring revenue growth and further diversify revenue among key clients.

- **Creates Robust $100 Million Web Applications Solution with Expanded Security Capabilities**: Edgecast's multi-layered cloud security platform will significantly enhance the scale of Limelight's web applications division with projected revenue of more than $100 million. These solutions will provide a holistic cloud platform for web apps and APIs that increase performance of digital assets, accelerate application usage, provide robust protection and enhance developer productivity and capability.

- **Substantial and Immediately Accretive Cost Synergy Opportunities**: The transaction price of $300 million implies an acquisition multiple of approximately 1x Edgecast's 2021 revenue. The combined company expects annual run-rate cost synergies of $50 million including approximately $30-35 million from reduced colocation and internet peering expense, and approximately $15-20 million of operating expense savings. Based on the expected revenue and expense synergies, Limelight has established a long-term strategic target with revenue growth rate of 20-25%, gross margin of 60%+ and adjusted EBITDA margin of 15-20%.

- **Adds Support from Apollo to Position for Growth**: With support from the Apollo Funds, and alignment with all shareholders, the combined company will be positioned to unlock significant growth opportunities in an attractive sector and capitalize on market trends. The all-stock nature of the deal represents a strong belief by Apollo in the combined company's go-forward strategy and future as a global leader in edge enabled software solutions.

6

"By uniting Limelight and Edgecast, we are building a powerful application, content and video edge enabled solutions company that delivers improved customer performance, productivity and security for the outcome Edgecast," said Bob Lyons, Chief Executive Officer of Limelight. "Together we have a strong value proposition to serve the fast-growing, yet fragmented edge solutions market and our combined capabilities will accelerate our ability to capture more share of this high growth $40 billion total TAM. In six short months we have taken our TAM from $12 billion to $40 billion and with the acquisition of Edgecast, we are further accelerating and solidifying our ability to be recognized as a leader in edge software solutions for the outcome Edgecast."

"At Yahoo, we are focused on driving value creation for our business and customers," said Jim Lanzone, CEO of Yahoo. "By spinning off Edgecast to merge with Limelight, the new company will immediately become the leader in the massive and growing edge solutions market. I am confident in the value and strength of this combined company, and the growth it will drive for Yahoo, Edgio and Apollo."

With a significant equity investment in the combined company from its existing ownership of Yahoo, the Apollo Funds are committed to supporting the growth strategy and innovative vision for the combined company. In addition, the all-stock nature of the proposed transaction reflects the Apollo Funds' confidence in continued momentum in the edge enabled technology revolution and support of the vision for the combined company to become an edge computing leader with a scaled solutions platform, deeply experienced management team and commitment to delivering performance, connectivity and security to clients and end-users globally.

"Ever-increasing consumer demand for faster performance, enhanced security and higher-quality digital content has fundamentally changed how and where companies deliver value online to end users," said Apollo Partner Reed Rayman, who will join the combined company's Board of Directors. "As the market continues to rapidly evolve and expand, the combination of Limelight and Edgecast will have greater strength and scale to capitalize on these trends and better serve its clients. We believe this is a transformative transaction and are thrilled to back this management team as shareholders and board members to support Edgio in its exciting next phase."

**Transaction Details**

Under the terms of the agreement, Yahoo will initially receive approximately 72.2 million shares of Limelight common stock, subject to customary closing adjustments, valuing Edgecast at approximately $300 million based on the 30-day trailing VWAP of $4.12. The purchase price also includes a $30 million investment in the combined company by Apollo and their co-investors, through their ownership of Yahoo. Yahoo can also receive up to an additional 12.7 million shares of Limelight, representing up to an additional $100 million in deal consideration, over

the period ending on the third anniversary of the closing of the transaction, subject to the achievement of certain share-price targets. Upon closing of the transaction, current Limelight stockholders will own approximately 68.1% of the combined company, or approximately 64.5% under the assumption that Limelight achieves all share price targets under the conditional consideration agreement, while Yahoo will own approximately 31.9% or 35.5%, respectively.

The transaction, which has been unanimously approved by the Board of Directors of both companies, is currently expected to close in the second half of 2022, subject to receipt of regulatory approvals and the satisfaction of other customary closing conditions.

**Leadership and Governance**

In anticipation of the transaction, Limelight will rebrand as Edgio, with the combined company continuing to operate as Edgio following close. Mr. Lyons will continue to lead Edgio as CEO after the combination, and its Board of Directors, which will expand to nine members post-closing, will include three new members appointed by the Apollo Funds. The new Board will be more closely aligned to Edgio's go-forward strategy and work closely with Mr. Lyons and the Edgio management team to leverage their combined skills and experience to enhance shareholder value.

**B. The Materially Incomplete and Misleading Proxy**

22. On May 4, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Share Issuance and the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Share Issuance or the Proposed Transaction.

> ***Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts***

23. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of its fairness opinion, Goldman Sachs reviewed the "Yahoo Management Edgecast Projections" and the "Limelight Management Edgecast Projections, the Limelight Management Limelight

Projections and the Limelight Management Combined Company Projections . . . in each case as prepared by management of Limelight and as approved for Goldman Sachs' use by Limelight." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Limelight's management provided to the Board and Goldman Sachs.

24. Notably, Defendants failed to provide the line items underlying the calculation of Adjusted EBITDA and Unlevered Free Cash Flow for the Limelight Management Limelight Projections. The Proxy also fails to provide the line items underlying the calculation of Adjusted EBITDA (excluding standalone costs) and Adjusted EBITDA—Capex (excluding standalone costs) for the Yahoo Management Edgecast Projections. Similarly, the Proxy also fails to provide the line items underlying the calculation of Adjusted EBITDA and Adjusted EBITDA—Capex for the Limelight Management Edgecast Projections. The Proxy further fails to disclose the line items underlying the calculation of Adjusted EBITDA (excluding Stock Based Compensation, including Standalone Costs) and Unlevered Free Cash Flow for the Limelight Management Combined Company Projections. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Share Issuance or the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning Goldman Sachs' Financial Analyses*

25. With respect to the *Illustrative Present Value of Future Share Price Analysis*, the Proxy fails to disclose the inputs and assumptions underlying the selection of EV/NTM revenue multiples of 1.5x to 3.5x for Limelight on a stand-alone basis and EV/NTM revenue multiples of 2.0x to 4.0x to the combined company on a pro forma basis with and without synergies. The Proxy also fails to disclose the number of fully diluted shares, including any Limelight earnout shares estimated to be issued as of the end of fiscal years 2022 to 2025. The Proxy further fails to disclose Limelight's net debt as of the end of fiscal years 2022 to 2025. In addition the Proxy fails to

9

disclose the inputs and assumptions underlying the selection of the discount rate of 9.3%, as well as Limelight's cost of equity.

26. With respect to the Illustrative *Discounted Cash Flow Analysis*, the Proxy fails to disclose the inputs and assumptions underlying the selection of discount rates of 8.5% to 10.0%. The Proxy also fails to disclose the range of terminal values for Limelight, as well as the inputs and assumptions underlying the selection of exit terminal year multiples of 12.0x to 16.0x to apply to LTM Adjusted EBITDA for the terminal year. The Proxy further fails to disclose the Company's net operating losses ("NOLs") for 2022 through 2028, as well as the inputs and assumptions underlying the selection of a discount rate of 9.25% to apply to the Company's NOLs.

27. The Proxy also fails to disclose the conditions attached to the discretionary fee of up to $4 million payable to Goldman Sachs upon consummation of the Share Issuance and the Proposed Transaction. The Proxy further fails to disclose whether Limelight anticipates paying the discretionary fee and how much it anticipates paying.

28. While the Proxy discloses compensation recognized by Goldman Sachs' Investment Banking Division for services provided to Limelight in the two years prior to March 6, 2022, the Proxy does not indicate whether compensation was received for services provided by other Goldman Sachs divisions, or for services other than financial advisory or underwriting. The Proxy also fails to disclose the compensation received by Goldman Sachs for services rendered to Apollo Global Management, Inc., Verizon Communications, Inc., and/or their affiliates for the same two year period.

29. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Share Issuance and the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

30. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

31. Further, the Proxy indicates that on March 6, 2022, Goldman Sachs reviewed with the Board its financial analysis of the consideration to be paid by Limelight and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the consideration to be paid by Limelight was fair, from a financial point of view, to Limelight. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Goldman Sachs' financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

32. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

33. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34. Defendants have filed the Proxy with the SEC with the intention of soliciting Limelight stockholder support for the Share Issuance and the Proposed Transaction. Each of the

Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

35. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Limelight, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

36. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

37. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of Limelight shares and the financial analyses performed by Goldman Sachs in support of its fairness opinion.

38. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Share Issuance and the Proposed Transaction; indeed, the Proxy states that Goldman Sachs reviewed and discussed its financial analyses with the Board during various meetings including on March 6, 2022, and further states that the Board considered Goldman

Sachs's financial analyses and fairness opinion in connection with approving the Share Issuance and the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

39. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of their right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Share Issuance and the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Limelight within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Limelight and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

43. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Share Issuance and the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

44. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

45. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Limelight stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Share Issuance and/or the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 23, 2022　　　　　　　　　　**ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*